**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MACK A. WEST, JR.,

Plaintiff,

v.

J. MOORE, et al.

Defendants.

Case No. 1:26-cv-06372 JLT CDB

ORDER DECLINING FINDINGS AND RECOMMENDATIONS, AND GRANTING PLANTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

(Docs. 2, 6)

Mack West seeks to proceed *in forma pauperis* in this action, in which he alleges violations of his civil rights while incarcerated at Valley State Prison. (*See* Docs. 1, 2.) The magistrate judge reviewed Plaintiff's litigation history and found the following dismissals count as "strikes" under 28 U.S.C. § 1915(g):

1. *West v. Marsh*, *et al*., No. 2:08-cv-00290-HWG-KSC (PC) (E.D. Cal July 23, 2010) (Doc. 40) (dismissed for failure to state a claim and judgment denoted as a strike under § 1915(g))
2. *West, et al. v. Cate*, *et al*., No. 2:10-cv-00828-MCE-KJM (PC) (E.D. Cal. July 29, 2010) (Doc. 15) (dismissed for failure to state a claim)
3. *West v. Dizon*, No. 2:12-cv-01612-KJM-KJN (PC) (E.D. Cal. Aug. 29, 2012) (Doc. 5) (dismissed as duplicative)

(Doc. 6 at 2; *id.* at 3.) In so finding, the magistrate judge found "[a] dismissal of a duplicative complaint … counts as a strike as either a frivolous or malicious filing." (*Id.* at 3, citing *Cato v.*

*United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995), *LeBlanc v. Asuncion*, 699 Fed. Appx. 762 (9th Cir. 2017).) The magistrate judge also found Plaintiff did not satisfy "the imminent danger" exception" to Section 1915. (*Id.*) Therefore, the magistrate judge recommended that the Court deny Plaintiff's application to proceed *in forma pauperis*. (*Id.* at 4.)

Plaintiff filed timely objections, asserting that the Court should not find the dismissals in *Marsh*, Case No. 2:08-cv-00290, and *Dizon*, Case No. 2:12-cv-01612, identified qualify as strikes. (Doc. 7 at 2-5.) Plaintiff contends that the dismissal in *Marsh* is not a strike because one of his claims in the action was dismissed without prejudice. (*Id.* at 2-3.) He also asserts the dismissal in *Dizon* is not a strike because it was dismissed as duplicative. (*Id.*) Plaintiff argues that any "dismissal without prejudice on a procedural ground cannot qualify as a … strike." (*Id.* at 3, emphasis omitted.)

A dismissal qualifies as a strike when it is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). To the extent that Plaintiff believes that a dismissal *without* prejudice results in a dismissal not counting as a strike, he is mistaken. A dismissal without prejudice may count as a strike under Section 1915(g). *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) ("The text of Section 1915(g)'s three-strike provision refers to any dismissal for failure to state a claim, whether with prejudice or without"); *see also O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike). In *Marsh*, the Court found that Plaintiff failed to state a claim, but he also raised an unrelated claim in his third amended complaint. The Court dismissed the unrelated claim without prejudice and dismissed the primary claim with prejudice for failure to state a claim. (Case No. 2:08-cv-00290, Doc. 40 at 11.) For this reason, the dismissal qualifies as a strike.

On the other hand, it appears the magistrate judge's reliance upon *Cato* and *LeBlanc* — to support the finding that the dismissal in *Dizon* qualifies as a strike — appears misplaced. In *Cato*, the Court addressed whether a case could be dismissed as duplicative under a prior version of Section 1915 and concluded that "[t]here was no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated

claims.'" *Cato*, 70 F.3d at 1105 n.2 (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).) In *LeBlanc*, the Court reiterated that a duplicative complaint may be dismissed "as frivolous or malicious" under Section 1915, and could qualify as a strike. *LeBlanc*, 669 Fed. App'x, at 752. However, neither *Cato* nor *LeBlanc* held that such a dismissal as duplicative automatically qualified as a strike. *See id.*

Importantly, that an action is "duplicative" is not one of the identified reasons in Section 1915(g) for a dismissal to qualify as a strike. *See* 28 U.S.C. § 1915(g). The Ninth Circuit has taken a narrow view of the statute and indicated that "[i]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022) (citing *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019)). Although a court may find a duplicative action is also frivolous or malicious, such a finding was not made in *Dizon*. Instead, the finding in *Dizon* was limited to the conclusion that dismissal was appropriate "[d]ue to the duplicative nature of the … action." (Case 2:12-cv-01612, Doc. 4 at 1.) Without additional findings— that the action was frivolous or malicious—this dismissal does not qualify as a strike. *See, e.g., Ramsey v. Lujan*, 2025 WL 3273805, at *2 (E.D. Cal. Oct. 21, 2025) (observing that on appeal, the Ninth Circuit found a dismissal "as duplicative" was "not explicitly on enumerated grounds") (quoting *Ramsey v. Cal. Dep't. of Corr. and Rehab*., No. 23-2465 (9th Cir. Dec. 21, 2023, ECF No. 16)); *see also Washington v. Gilmore*, 825 Fed. App'x 58, (3rd Cir. 2020) ("These dismissals do not count as strikes because the District Court did not explicitly characterize the claims as malicious or frivolous …, not because duplicative claims are not susceptible to dismissal on those grounds"). Therefore, the Court declines to find the dismissal in *Dizon* is a strike under Section 1915(g). As this dismissal does not qualify as a strike, Plaintiff may proceed *in forma pauperis* in this action.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated August 12, 2026 (Doc. 6) are **DECLINED**.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

///

3. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: _September 15, 2026_

UNITED STATES DISTRICT JUDGE